UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>STAGE PRESENCE INCORPORATED,<br><br>Debtor. | Chapter 11<br><br>Case No. 12-10525 (MEW) |
| STAGE PRESENCE INCORPORATED, and ALLEN NEWMAN,<br><br>Plaintiffs,<br><br>v.<br><br>GENEVE INTERNATIONAL CORP., RONALD L. BARTHOLOMEW, STEPHEN MENNER, SARA O'MEARA, and YVONNE FEDDERSON,<br><br>Defendants. | Adv. Pro. No. 15-01415 (MEW) |

**MEMORANDUM DECISION GRANTING PERMISSION TO REOPEN PREVIOUSLY ENTERED JUDGMENT BASED ON NEWLY DISCOVERED EVIDENCE**

A P P E A R A N C E S:

SHAFFERMAN & FELDMAN LLP
New York, New York
Counsel for the Debtor.
By: Joel Shafferman, Esq.

KASEN & KASEN
New York, New York
Counsel for Stephen Menner and Geneve International Corp.
By: Michael J. Kasen, Esq.

THE LAW OFFICE OF JOHN CARLSON
Merrick, New York
Counsel for Allen Newman
By: John Carlson, Esq.

**MICHAEL E. WILES**
**UNITED STATES BANKRUPTCY JUDGE**

Defendants Stephen Menner and Geneve International Corporation ("GIC") have moved to dismiss this case on various grounds, including their contention that the claims are barred by principles of res judicata. Menner has also filed a motion seeking sanctions. The res judicata defense, and the motion for sanctions, are premised on the fact that this Court issued an order on January 17, 2013 that allowed a prior adversary proceeding to continue as to some defendants but that dismissed that prior proceeding as against Menner on the ground that the pleadings in that prior action did not allege fraud with the specificity required by Rule 7009 of the Federal Rules of Bankruptcy Procedure, which incorporates the requirements of Rule 9 of the Federal Rules of Civil Procedure. The dismissal order as to Menner was entered on January 17, 2013, but a final judgment was not entered until July 14, 2015, when the Court disposed of the rest of the case.

At a hearing held on March 30, 2016, the Court addressed certain deficiencies in the present Complaint that would require the filing of amended pleadings if the case were to continue. The Court ruled that:

(a) The fourth and fifth causes of action asserted by Plaintiffs (for unjust enrichment and for money had and received) were not sufficiently specific as to the dates, times and amounts of any benefits that Menner and GIC allegedly received and that they allegedly were obligated to return;

(b) The fraud claims were not sufficiently specific as to the fraudulent representations allegedly made by or on behalf of GIC and (to the extent GIC is charged

with liability for statements made by other persons) the reasons why Plaintiffs believe GIC is responsible for such statements; and

(c) While the fraud claims are specific in identifying representations made by Mr. Menner and also in alleging the falsity of certain statements, the general "catch-call" allegation that all of Menner's prior statements were made with intent to defraud was not sufficiently specific, and that more precision was needed as to which statements were allegedly made with fraudulent intent. *See* Tr. 3/30/2016 at 22:22-25 ("I'm not going to accept a complaint that lists a series of conversations that take place over a year and a half and then just has a blanket allegation that everything was fraudulent; that's not good enough.")

However, the Court directed the plaintiffs to postpone the filing of an amended pleading until such time as the Court ruled on the res judicata defenses.

As to the res judicata issues: Plaintiffs initially argued that the fraud claims currently asserted against Menner and GIC are different from the claims that were previously asserted. However, both the prior complaint and the current complaint alleged fraud by Menner in connection with the same matter: namely, the funding for a charity broadcast that occurred in 2010. It was clear from the plaintiffs' arguments that what plaintiffs were really contending was that they had discovered new evidence and should be able to pursue their current claims notwithstanding the prior dismissal order. The Court therefore ruled that it would treat the filing of the current Complaint, and the parties' submissions on the motion to dismiss, as a request for relief from the prior judgment pursuant to Fed. R. Bankr. P. 9024, which incorporates the terms of Rule 60(b) of the Federal Rules of Civil Procedure. The Court directed the parties to submit

additional briefs regarding the application of Rule 60(b), and after a further hearing on June 1, 2016 the Court asked for briefs on additional issues that the parties' submissions had raised.

**The Prior Adversary Proceeding**

The prior adversary proceeding (No. 12-01561) was filed by the Debtor, Stage Presence Incorporated, on April 16, 2012. The named defendants were Geneve International Trust ("Geneve"), Ronald L. Bartholomew and Stephen Menner. The Complaint alleged that Geneve had breached a contract to pay for the costs of a televised charity event entitled "An Evening of Grace: A Concern for the Children." It also alleged that Bartholomew and Menner had executed a scheme to defraud in that they had represented that Geneve "was ready, willing and able to perform" its contract and that Geneve "would in fact perform" its obligations. Complaint, ¶ 19.

Defendants filed motions to dismiss, which Judge Gropper granted "without prejudice" in an Order entered on August 8, 2012. Plaintiffs filed an amended complaint on September 20, 2012 that asserted the same causes of action but that added some further supporting information. The Amended Complaint asserted that Bartholomew and Menner were agents of Geneve and that they had represented that Geneve would fund the production costs once Plaintiff paid certain "bridge loan fees." The Amended Complaint also attached a copy of the alleged contract with Geneve, which had been signed by Bartholomew. Paragraph 27 of the Amended Complaint repeated the same general allegation of fraud that had appeared in paragraph 19 of the original Complaint, and paragraph 28 alleged that "[t]he false and fraudulent statements were made: by Defendants Bartholomew and Menner in March and April 2010; to Plaintiff's president Allen Newman; by telephone from California to New York." Amended Complaint, ¶ 28. Stage Presence further alleged that at the time the representations were made "the Plaintiff believed that the representations and Geneve's intentions were true." *Id.* ¶ 33.

Defendants renewed their motions to dismiss, and Judge Gropper entered a Memorandum of Opinion and Order on January 17, 2013 [Docket No. 21]. He denied the motions to dismiss the contract claim against Geneve and also denied the motion to dismiss the fraud claim as to Bartholomew. However, he granted Menner's motion to dismiss the fraud claim under Rule 9(b). The opinion stated:

> As to Defendant Menner, the motion to dismiss under Rule 9(b) is well taken. He is identified in paragraph 12 as an "agent" of Geneve, but he did not sign the Alleged Contract on behalf of Geneve, and he is not connected to the bridge loan fees. Every allegation against Menner has him simply named as acting together with Bartholomew. The Amended Complaint does not plead with sufficient particularity that Menner acted fraudulently, even taking all inferences in Plaintiff's favor.

*Id*. at 11.

The prior adversary proceeding was later referred to arbitration by agreement of the parties. The parties have represented to the Court that there is no transcript of the arbitration proceedings. On October 6, 2014, the Debtor received an award against Geneve, but not against Bartholomew. The arbitrator's decision was submitted to this Court at a later date when the Debtor sought entry of a judgment against Geneve. [Docket No. 72, Adv. Pro. No. 12-1561.] The sole ruling on the fraud claims is as follows:

> Claimant did not establish its claims of fraud against the Respondents. There was no persuasive evidence, written or oral, that either of the Respondents knowingly or intentionally misrepresented its willingness to perform its obligations under the Loan Agreement. The fraud claims, therefore, are denied.

*Id*. at p. 8. On July 14, 2015, this Court entered judgment based on the arbitration award, which expressly stated that it "resolves all claims between the Adversary Proceeding parties, known or unknown, asserted or otherwise . . ." [Docket No. 76, Adv. Pro. No. 12-1561.]

**<u>The Current Claims and the Alleged New Evidence</u>**

The Complaint in the current adversary proceeding was filed on December 10, 2015. It is far more detailed than the pleadings in the prior case. Many of the allegations refer to conversations that Menner had with the Debtor's representatives; clearly the Debtor ought to have been aware of these at a prior time, and these allegations themselves would not qualify as "new evidence" that would support a reopening of the prior judgment. However, the Complaint also refers to documents that Menner and Bartholomew provided that purported to show that Geneve had the necessary funds to pay for the production costs. Complaint, ¶¶ 26, 35, 57, 62. The documents purported to show the existence of certain bank accounts at HSBC and Bankgkok Bank and the existence of a guaranty purportedly issued by ABN AMRO Bank. *Id.* Exhibits C, D, G and H. Plaintiffs allege that in October 2015, when they attempted to enforce this Court's judgment against Geneve, they learned for the first time that the prior documents had been falsified and that the alleged bank accounts and guaranty had never existed. *Id*. ¶¶ 73-76. The relevant paragraphs allege:

> 73. In the process of the post judgment discovery, on October 5, 2015, the Debtor filed a Motion for an order directing the production of documents by HSBC Bank, PLC, ABMAMRO Bank Amsterdam, NV, Bangkok Bank, and Bank of America, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bank 2004 Motion").
>
> 74. Subsequent to the Debtor's filing the Bank 2004 Motion, the Debtor received a letter from Guillermo Rodriguez, VP Risk Management & Compliance, Bangkok Bank NY Branch, dated October 13, 2015, a copy of which is attached hereto as Exhibit "L", opining that the document purportedly issued by Bangkok Bank and attached hereto as Exhibit "B" is probably a "FRAUDULENT document which does not exist at our bank."
>
> 75. Subsequent to the Debtor's filing the Bank 2004 Motion, in an email, dated October 19, 2015, sent by Paul R. Wiener, Esq., Managing Director, Deputy General Counsel ABN AMRO | Legal Department, a copy of which is attached hereto as Exhibit "M", Mr. Wiener stated that he "was informed that the current ABN AMRO Bank NV has checked its records and there is nothing in the records relating to the guaranty."

> 76. On November 16, 2015, Bartholomew filed a Declaration in Support the [Geneve], Menner's and Bartholomew's motion to quash the subpoenas issued by the Debtor in accordance with the Rule 2004 Order (ECF #155-1)(the "Bartholomew Declaration"). In the Bartholomew Declaration, Bartholomew declared and affirmed that neither Geneve nor GIC ever had a bank account or cash on deposit with any bank.

Plaintiffs contend that while they had previously alleged that Menner and Bartholomew lied about Geneve's intent to fulfill its contractual obligations, they had no knowledge until after October 2015 that Menner and Bartholomew had allegedly lied and provided false documents about Geneve's financial resources.

**Discussion**

Federal Rule of Civil Procedure 60(b) is made applicable to this case by Rule 9024 of the Federal Rules of Bankruptcy Procedure. Rule 60(b) sets forth the bases upon which a court may grant relief from a prior judgment. The rule "strikes a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986). A motion seeking relief from a judgment is within a court's discretion. *Id*. at 61-62. The party seeking relief from a judgment has the burden of proof. *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir.2001). Relief from a judgment is generally not favored, and the standard to be met for such relief has been described as onerous. *Id*. at 391-92.

Plaintiffs contend that they are entitled to relief under Rule 60(b)(2), which permits relief from a prior judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). The Second Circuit Court of Appeals has listed the following factors that should be applied in deciding whether to grant relief under Rule 60(b)(2):

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding,

(2) the movant must have been justifiably ignorant of them despite due diligence,

(3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and

(4) the evidence must not be merely cumulative or impeaching.

*United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir.2001). The foregoing factors are written primarily with an eye towards judgments that have been entered following a trial or other factual hearing, but they have also been applied to relieve a party from a judgment entered without a trial. *See, e.g.*, *Reese v. McGraw-Hill Cos., Inc*., 293 F.R.D. 617 (S.D.N.Y. 2013), aff'd, *Reese v. Bahash*, 574 Fed. Appx. 21 (2d Cir. 2014) (Summary Order) (applying Rule 60(b)(2) standard in context of judgment entered after grant of motion to dismiss, but denying relief from judgment); *Rowe Entm't, Inc., et al. v. William Morris Agency, Inc*., et al., No. 98 CV 8272, 2012 WL 5464611 (S.D.N.Y. Nov. 8, 2012) (applying Rule 60(b)(2) standard, but denying relief from summary judgment order); *Mancuso v. Consolidated Edison of New York*, 905 F.Supp. 1251 (S.D.N.Y.1995) (applying Rule 60(b)(2) standard, but denying relief from summary judgment order dismissing pendent state law claims); *see also Alpern v. UtiliCorp United, Inc*., 84 F.3d 1525 (8th Cir. 1996) (applying Rule 60(b)(2) standard and granting relief from summary judgment); *Callanan v. Runyun*, 75 F.3d 1293, 1297–98 (8th Cir.1996) (applying Rule 60(b)(2) standard, but denying relief from summary judgment).

In addition, relief under Rule 60(b)(2) can only be granted if the application for relief is timely. Rule 60(c) states that relief must be sought "within a reasonable time" and, in the case of Rule 60(b)(2), "no more than a year after the entry of the judgment or order" from which relief is sought. Fed. R. Civ. P. 60(c).

After applying these factors and considering the submissions of the parties, the Court has concluded that Plaintiffs are entitled to relief under Rule 60(b)(2).

**1. The Prior Existence of the Newly Discovered Evidence**

Menner denies that he provided the relevant documents for use in the transaction at issue or that they are fraudulent. However, there is no dispute that the allegedly falsified documents, and the fact that the banks had no evidence or record of the alleged accounts and guarantees, existed at the time of the entry of the judgment.

**2. Whether the Newly Discovered Evidence Should Have Been Found Earlier**

Rule 60(b)(2) only applies if evidence is "truly newly discovered" and "could not have been found by due diligence" prior to the entry of the judgment from which relief is sought. *United States v. Potamkin Cadillac Corp*., 697 F.2d 491, 493 (2d Cir.1983). Menner and GIC contend that the alleged fraudulent representations and fraudulent documents could and should have been uncovered if Plaintiffs had exercised due diligence in the course of the prosecution of the arbitration proceeding against Bartholomew and Geneve. Plaintiffs contend, on the other hand, that they had previously challenged only the defendants' representations that Geneve was willing to perform its contractual obligations. Plaintiffs contend that they had no reason to question the veracity of the financial documents until October 2015, when plaintiffs (who still believed the assets existed) attempted to execute on those assets to satisfy the judgment that this Court had entered against Geneve.

Menner disagrees, and contends that the prior arbitration challenged not only Geneve's "intent" to perform, but also its financial ability to do so. He has directed the Court's attention to a paragraph included in each of the complaints filed in the prior proceeding that accused defendants of providing fraudulent assurances that Geneve was "ready, willing and able" to

perform. Menner argues that the inclusion of the term "able" in those references was an allegation concerning its lack of ability to fund, but the Court disagrees. The phrases were generalized terms that did not focus on any one element, and merely referred to the representation that Geneve was prepared to complete the contract. After alleging that defendants had represented that Geneve was "ready, willing and able" to perform, the very next sentences in the Amended Complaint alleged that defendants had represented that Geneve "would in fact" perform its obligations and that it would do so once the Debtor paid certain "bridge loan" fees. Furthermore, the arbitrator's decision (quoted above) quite clearly focused on allegations about Geneve's willingness to perform its obligations, without reference to any allegation or contention that the defendants had lied about Geneve's finances.

What "reasonable diligence" required, during the course of the prior proceeding, can only be decided in the context of the claims that were being pursued. It is quite clear, from the record, that plaintiffs in the prior proceeding were focused on Geneve's intent to perform, and were not contending that Geneve lacked financial resources. To the contrary: the Debtor was counting on those financial resources as the source of payment of a judgment that it hoped to obtain. Defendants argue that the Debtor should have been more suspicious about everything that defendants had previously represented, and therefore should have discovered earlier that the relevant accounts and guarantees did not exist. However, defendants have not pointed to any particular facts or circumstances that would or should have suggested, to the Debtor, that the prior representations and documents had been falsified and that the relevant bank accounts and guarantees did not exist, or that should have alerted a reasonable person that those matters needed to be investigated.

It may hypothetically have been possible for a more suspicious litigant to discover the relevant evidence at an earlier date. However, Plaintiffs were only required to exercise "reasonable diligence," not perfect foresight. The Court is convinced that Plaintiffs were "justifiably" ignorant of the newly discovered evidence under the circumstances of this case, despite having acted with "reasonable diligence" in the pursuit of their prior fraud allegations. The prior claims focused on defendants' intent, and "reasonable diligence" in the pursuit of that prior fraud claim did not require an unrelenting suspicion and distrust as to every other representation and document that had been provided by the defendants.

**3. Impact of Newly Discovered Evidence on the Prior Outcome**

The third element for the Court to consider is whether the newly discovered evidence is admissible evidence that would have changed the prior outcome. Most of the case law and treatises that discuss this issue focus on instances in which a party seeks to reopen a judgment after a trial. In that context, a party must ordinarily show that the new evidence would have actually altered the thinking of the jurors or the judge. However, the judgment entered in favor of Mr. Menner did not follow a trial. Instead, it was based on a deficiency in the pleadings. The relevant question in this case is not whether the new evidence would result in a "win" at a subsequent trial, but whether the new evidence would have altered the prior outcome – that is, whether its inclusion in a pleading would have met the requirements of Rule 9(b) and thereby altered the dismissal order. *See Reese v. McGraw-Hill Cos., Inc.*, 293 F.R.D. at 622, *aff'd*, *Reese v. Bahash*, 574 Fed. Appx. 21 (2d Cir. 2014) (Summary Order) (holding that the relevant question was whether the new information would have altered the dismissal order, but holding in that case that the new information would not have altered the outcome); *Callanan v. Runyun*, 75 F.3d 1293, 1297 (8th Cir.1996) (to grant a Rule 60(b)(2) motion, a court must be persuaded that

if it had known of this new evidence at time of ruling, it "would have declined to grant the summary judgment motion.").

In the instant matter, the pleadings against Menner would have been substantially different if the plaintiffs had added allegations that stated that, prior to entering into the arrangement with the Debtor, Menner had falsely represented that Geneve and GIC had assets in bank accounts and he also caused fraudulent bank documents and a false certification of a bank guarantee to be produced to verify the wherewithal of the entities. The new evidence supports the pleading of a fraud claim in compliance with Rule 9(b), and plainly would have led to a different result if the information had been known at the time of the prior judgment.

**4. Whether the New Evidence is Merely Cumulative or Impeaching**

The fourth element – requiring that the new evidence not be merely cumulative or impeaching – appears to overlap with the requirement that the evidence be likely to change the outcome. This is because, if the new evidence is merely cumulative or impeaching, it is not likely to have an impact on the outcome, and courts often dispose of both factors in one sentence. *See e.g., Mancuso v. Consolidated Edison of New York,* 905 F.Supp. 1251, 1265 (S.D.N.Y.1995) ("The new evidence that plaintiffs have provided is both unlikely to change the prior decision and cumulative"); *Alpern v. UtiliCorp United, Inc*., 84 F.3d 1525, 1537 (8th Cir. 1996) (where a party was justified in not presenting evidence prior to summary judgment ruling, it is still necessary to show that that "the evidence is material, not merely cumulative or impeaching, and would probably produce a different result.")

Here, as noted above, the prior judgment was not entered after a trial. Instead, it was entered based on a deficiency in the pleadings. It makes little sense (without a trial) to focus on whether the evidence was "cumulative" or "impeaching." In any event, the evidence now

offered is not cumulative of any prior allegations, relates directly to the alleged fraud and is not merely offered for purposes of impeachment.

**5. Timeliness**

Menner initially opposed the application of Rule 60(b)(2) on the ground that a request for relief under that provision must be made no later than one year after the entry of the judgment or order from which relief is sought. *See* Fed. R. Civ. P. 60(c)(1). However, by its terms Rule 60(b) only allows relief from a "final" judgment or order. The order dismissing the prior claims against Menner was entered in 2013, but the final and appealable judgment was not entered until July 14, 2015, which was less than one year prior to the filing of the new adversary proceeding. In the absence of a Rule 54(b) certification,[1] there was no final appealable order in the prior adversary proceeding until a judgment was entered that disposed of all claims against all parties, and no order from which Rule 60(b) relief could have been sought.

After the Court afforded the parties an opportunity to provide further briefing concerning these issues, the parties agreed that the timeliness of the Rule 60(b) request for relief should be measured from the entry of the judgment on July 14, 2015. *See*, *e.g.*, Tr. 6/1/2016 at 21:25-25 (counsel to Menner stating "I concede that the one-year time limit hasn't passed"). However, Menner's counsel argued that the new complaint had not been filed within a "reasonable" time

---

[1] Rule 54(b), made applicable by Fed. R. Bankr. P. 7054, provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

after entry of the final judgment, as Rule 60(c) requires. Menner's contentions in this regard simply mirror his contentions that Plaintiffs failed to act with due diligence. There is no dispute that Plaintiffs actually discovered the relevant information in or after October 2015, only shortly before filing this proceeding. That filing was within a "reasonable" time after judgment under the circumstances of this case.

**Conclusion**

The Complaint in this case, and the parties' submissions with respect to the motion to dismiss, are deemed to be a motion, pursuant to Rule 60(b)(2), to reopen the judgment entered in the prior adversary proceeding. The newly discovered evidence resulted in fraud allegations that are different from those that were alleged prior to entry of the judgment. The standard to reopen a judgment based upon a pleading deficiency on the grounds of newly discovered evidence has been met. The motion to dismiss on grounds of res judicata is therefore denied, and the motion for sanctions is also denied.

Relief from the prior judgment pursuant to Rule 60(b)(2) ordinarily would mean that the prior case would be reopened as to Mr. Menner. The Complaint in the current adversary proceeding, however, has named additional parties. The parties will be directed to appear at a conference to discuss how the claims should proceed (e.g., whether the prior case should be reopened as to Mr. Menner and then consolidated procedurally with this action, or whether the parties would prefer to pursue some other procedure), as well as to set a deadline for the filing of any further amendments to the pleadings.

Dated: New York, New York
June 24, 2016

/s/ **Michael E. Wiles**
UNITED STATES BANKRUPTCY JUDGE